NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY RONALD WARREN, | No. 22-16709 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01584-SPL-MTM |
| v. | |
| UNITED STATES PAROLE COMMISSION; UNITED STATES PROBATION AND PAROLE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Gary Ronald Warren appeals pro se from the district court's judgment dismissing his action seeking to enjoin special conditions of parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Omar v. Sea-Land*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We affirm.

The district court properly dismissed Warren's action sua sponte because Warren failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Warren's motion for a preliminary injunction because Warren failed to demonstrate a likelihood of success on the merits. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958, 970 (9th Cir. 2014) (setting forth standard of review), *abrogated on other grounds by United States v. Alaniz*, 69 F.4th 1124, 1127-28 (9th Cir. 2023).

The district court did not abuse its discretion in denying Warren's motion for appointment of counsel because Warren failed to demonstrate exceptional circumstances justifying appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and concluding that no "exceptional circumstances" justified appointing counsel where plaintiff was unlikely to succeed on the merits and had been able to articulate his legal claims in light of the complexity of issues involved).

**AFFIRMED.**